Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of WALTER B. ZAMPIERE, Respondent, for Compensation under the Workmen's Compensation Law, *v.* WILLIAM SPENCER & SON CORPORATION, Employer, and TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, January 5, 1921.

**Workmen's Compensation Law — injury while upon vessel in navigable waters — maritime contract — State Industrial Commission without jurisdiction to make award.**

A stevedore acting as runner and checker, injured by chalk or dust blowing into his eye while upon a vessel in navigable waters in pursuance of his duties, is engaged in the performance of a maritime contract and the State Industrial Commission has no jurisdiction to make an award.

REARGUMENT of an appeal by the defendants, William Spencer & Son Corporation and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 9th day of July, 1919, and also from an award entered in the office of said Commission on the 3d day of November, 1919, rescinding the aforesaid award and making an award.

On the first argument of the appeal at the May term, 1920, the award of the Commission was affirmed in July, 1920. (See 193 App. Div. 920.)   It is urged now that admiralty has exclusive jurisdiction and that the facts in this case show that it was an admiralty case.

*E. C. Sherwood* and *William B. Davis* [*Benjamin C. Loder,* attorney], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

KILEY, J.:

The employee's claim recites that the exact location of place where accident occurred was " on board a steamer on south side Pier 86 N. R.; " says his occupation when injured was " runner and checker; " says he was doing his regular work when injured.   In answer to the question " how did accident happen? " claimant said, " To locate L. V. Burger, I mounted

the said steamer, which was unloading chalk or clay, the wind blowed a quantity of said chalk into my eye and on May 1st dust on pier 80 N. R." The attorney for the insurance carrier stated upon the hearing: "It is only a question whether the loss of vision is the result of an accident or not." Claimant, on the hearing, said he was a "messenger and clerical sometimes. * * * Commissioner Lyon: Stevedoring? Claimant, Yes." The employer's report of the injury to claimant states its business as follows: "Stevedores — freight handlers — coopers." It may be inferred that claimant's duties required him to go upon ships, as he states that he mounted the steamer in search of a man, naming him. He did this while he was checking or engaged as a messenger. In *Southern Pacific Co.* v. *Jensen* (244 U. S. 205) the claimant worked for the Southern Pacific Railroad Company, which also owned and operated a steamship plying between the ports of New York and Galveston, Tex. Claimant was employed by the railroad company to operate a small electric truck upon which lumber was hauled from the steamship to the railroad track, there to be loaded upon cars for transportation. The only connection between claimant and the ship was the loading of his truck on the ship; and while trying to get his truck and its load off the ship he was injured so that he died. The Industrial Commission awarded compensation to his widow, the award was reversed, the court holding that it came under the maritime law. I understand that *Knickerbocker Ice Co.* v. *Stewart* (253 U. S. 149), decided on May 17, 1920, held the same, in effect, and further that Congress could not, by amending the Judicial Code, make the State statute effective. (See Judicial Code [36 U. S. Stat. at Large, 1091], § 24, subd. 3, as amd. by 40 id. 395, chap. 97, § 1; Judicial Code [36 id. 1160, 1161], § 256, subd. 3, as amd. by 40 id. 395, chap. 97, § 2; Workmen's Compensation Law, § 2, group 10, as re-enacted by Laws of 1918, chap. 249.) "Stevedore" and "longshoreman" are synonymous terms when interpreted in the light of the work they perform, viz., loading and unloading vessels. The checker is important and necessary, if account is to be kept of the items of the commodities so handled. In *Southern Pacific Co.* v. *Jensen* (*supra*) it is said: "The work of a stevedore in which the

deceased was engaged is maritime in its nature; his employment was a maritime contract; the injuries which he received were likewise maritime." In *Sullivan* v. *Hudson Navigation Co.* (182 App. Div. 153) Mr. Justice WOODWARD says: " It is not the particular kind of work which the person is qualified to perform, or the fact he is performing a particular kind of work, which determines the exclusive jurisdiction of a court of admiralty; it is the character of the contract — whether it has reference to maritime service or maritime transactions." Claimant's employer gave the nature of his business, in part, as stevedoring; claimant was engaged in that branch when injured and was at the dock and upon a vessel. These facts established, it seems clear, under the ruling in *Anderson* v. *Johnson Lighterage Company* (224 N. Y. 539) and *Keator* v. *Rock Plaster Manufacturing Company* (Id. 540), that our former decision in this case was erroneous. However, such error was not apparent until the decision in the United States court in *Knickerbocker Ice Co.* v. *Stewart* (*supra*).

The award should be reversed.

All concur.

Award reversed and claim dismissed.